IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| JEFFREY K. BUSBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:22-cv-05071-MDH |
| | ) |
| UNITED STATES GOVERNMENT, | ) |
| CHAD COMER, CITY OF JOPLIN, and | ) |
| LUKE STAHL, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendants United States and Chad Comer's ("Defendants'") 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Doc. 23). Plaintiff Busby ("Plaintiff") responded (Doc. 29) and Defendants replied in turn. (Doc. 35). The matter is now ripe for review. For reasons herein, Defendants' Motion is **GRANTED**[1].

## BACKGROUND

Plaintiff filed his *pro se* complaint October 12, 2022, alleging violations of the Bill of Rights, Second Amendment of the United States Constitution, Fourth Amendment of the United States Constitution, Fifth Amendment of the United States Constitution, Fourteenth Amendment of the United States Constitution, the Missouri Constitution, and Missouri's Second Amendment

---

[1] Also before the Court are Defendants City of Joplin and Luke Stahl's Motions for Judgment on the Pleadings (Docs 25 and 37) as well as Defendants' Motion to Stay. (Doc. 36). These pending motions are **MOOT**, based on the present order.

1

Preservation Act[2]. Beyond listing several specific amendments, Plaintiff's complaint does not specify what parts of the Constitution he believes Defendants' actions violated. Plaintiff's complaint does not bring any specifically enumerated counts. Rather, Plaintiff lays out his allegations in an attachment to his complaint titled "Affidavit on 2nd Amendment Violation." (Doc. 4-1). Plaintiff claims generally that Defendant Chad Comer, an agent of the Federal Bureau of Investigations, and Defendant Luke Stahl, an officer with the Joplin, Missouri Police Department, came to Plaintiff's house and engaged Plaintiff in a conversation. Plaintiff claims Defendant Comer asked Plaintiff if Plaintiff was aware "of the new red flag law out of Washington." (Doc. 4-1 at 1). Plaintiff then alleges Defendant Comer asked Plaintiff if Plaintiff kept any guns in his house, to which Plaintiff responded that he did not. *Id*. Plaintiff alleges Defendant Comer then stated Plaintiff was not lawfully able to possess any guns because of the new red flag law. *Id*. Plaintiff then claims that Defendant Comer referenced an email Plaintiff sent to the United States Department of Justice. Plaintiff's complaint does not allege any defendant seized a firearm from Plaintiff's property. Plaintiff's complaint likewise fails to allege any defendant engaged with Plaintiff beyond asking Plaintiff questions about firearms and an email Plaintiff sent to the Department of Justice. Plaintiff does not allege any physical contact by Defendants Comer or Stahl. Apart from simply being present at the scene, Plaintiff's complaint alleges no acts on the part of Defendant Stahl. Plaintiff seeks as relief a "gag order," a gun safety class for Plaintiff and Plaintiff's wife, and $10,000,000 in punitive damages.

---

[2] Missouri's Second Amendment Preservation was found by this Court to be unconstitutional in *United States v. Missouri*, No. 2:22-CV-04022-BCW, 2023 WL 2390677, at *1 (W.D. Mo. Mar. 7, 2023). The case is currently on appeal in the Eighth Circuit. The outcome of the appeal has no bearing on the present decision.

## STANDARD

"Federal jurisdiction is limited by Article III, § 2, of the U.S. Constitution to actual cases and controversies." *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000). A plaintiff's standing is a threshold question in every case that affects the court's power to hear the suit. *Id.* "To show Article III standing, a plaintiff has the burden of proving: (1) that he or she suffered an 'injury-in-fact;' (2) a causal relationship between the injury and the challenged conduct; and (3) that the injury likely will be redressed by a favorable decision." *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). An injury-in-fact exists where the plaintiff has sustained or is in immediate danger of sustaining a concrete and particularized harm that is "'actual or imminent, not conjectural or hypothetical.'" *Id.*

"In order to properly dismiss [a case] for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). In a facial attack, the court "restricts itself to the face of the pleadings" and "the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Osborn v. United States*, 918 F.2d 724, 729 n. 6 (8th Cir. 1990). Dismissal is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* In a factual attack, "the court considers matters outside the pleadings . . . and the non-moving party does not have the benefit of 12(b)(6) safeguards." *Id.* Dismissal is appropriate in such cases where, upon weighing the evidence, the court is not satisfied that the plaintiff has, in fact, proved jurisdiction. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

# ARGUMENT

Defendants argue this Court should dismiss Plaintiff's complaint for lack of subject matter jurisdiction, as Plaintiff suffered no cognizable injury-in-fact. This Court agrees. Even given the most liberal of reads, Plaintiff's complaint fails to allege any facts that suggest Plaintiff has suffered any cognizable harm. Taking Plaintiff's complaint as true, Plaintiff alleges simply that Defendants Comer and Stahl visited Plaintiff's home, asked questions of Plaintiff, and stated Plaintiff could not own a firearm. As to Plaintiff's Second and Fourth Amendment rights, Plaintiff does not allege that he owned a gun that was improperly confiscated. Rather, Plaintiff acknowledges that Plaintiff did not own a firearm at the time of the interaction with Defendants Comer and Stahl. Plaintiff, who alleges no criminal history, claims Defendant Comer informed Plaintiff he could not own a firearm because of a "new red flag law out of Washington." (Doc. 4-1 at 1). Plaintiff cites no federal red flag law, however, that would prevent Plaintiff from owning a firearm. Nor is this Court aware of any federal red flag law that would prevent Plaintiff from owning a firearm.[3] Further, even if such a law were to exist, any statement by Defendant Comer that Plaintiff could not lawfully possess a weapon does not constitute an official action taken to strip Plaintiff of his right to lawfully possess a firearm. As Defendants claim, any such statement constitutes at most a "hypothetical injury," insufficient to confer standing. *Lujan* at 560.

Plaintiff's response to Defendants' Motion to Dismiss fails to address any of the legal or factual arguments raised by Defendants and largely reiterates the claims in Plaintiff's complaint through an affidavit from Plaintiff's wife. Altogether, Plaintiff's complaint alleges, and Plaintiff's response in opposition to Defendants' Motion to Dismiss largely affirms, that Defendants simply

---

[3] Plaintiff does not challenge 18 U.S.C. § 922, prohibiting possession of firearms by those convicted of certain prior offenses. Plaintiff's complaint makes clear Plaintiff has no criminal history.

had a conversation with Plaintiff regarding an email Plaintiff sent to the Department of Justice and whether Plaintiff owned a firearm. This is insufficient to confer standing on Plaintiff to bring any cognizable claim against Defendants. Defendants raise several other points in their Motion to Dismiss. Given this Court's finding, however, as to lack of subject matter jurisdiction, this Court declines to address any of Defendants' additional arguments.

## CONCLUSION

For foregoing reasons, Defendants' Motion to Dismiss is **GRANTED**. Plaintiff's Complaint is dismissed with prejudice as to all defendants.

**IT IS SO ORDERED.**

DATED:	May 17, 2023

                                               */s/ Douglas Harpool*
                                               **DOUGLAS HARPOOL**
                                               **UNITED STATES DISTRICT JUDGE**